IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FINVEST ROXBORO, LLC, *doing business as* PHIPPS PLAZA APARTMENTS,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD MARK BOZICK,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 1:13-cv-03678-TWT-RGV |

**ORDER FOR SERVICE OF FINAL REPORT,
RECOMMENDATION, AND ORDER**

Attached is the Final Report, Recommendation, and Order of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 12th day of November, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FINVEST ROXBORO, LLC, *doing business as* PHIPPS PLAZA APARTMENTS, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:13-cv-03678-TWT-RGV |
| RONALD MARK BOZICK, | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

Plaintiff Finvest Roxboro, LLC, d/b/a Phipps Place Apartments[1] ("Finvest"), originally filed this action in the Magistrate Court of Fulton County, Georgia, seeking a writ of possession. See [Doc. 1-1 at 5]. Defendant Ronald Mark Bozick ("Bozick"), proceeding without counsel, seeks to remove the dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1]. After consideration of Bozick's affidavit of indigency, his request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because the Court lacks subject matter jurisdiction, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

---

[1] Although the docket lists Finvest Roxboro, LLC, d/b/a Phipps Plaza Apartments, the pleadings before the Court indicate that that proper name is Finvest Roxboro, LLC, d/b/a Phipps Place Apartments. See [Doc. 1-1].

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (alterations in original) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476-TWT, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1 (citations omitted); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392 (footnote omitted); Wilson, 2008 WL 544741, at *1 (citations and internal marks omitted). "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted).

Finvest filed a dispossessory warrant in the Magistrate Court of Fulton County, and "[n]o federal law or authority is invoked on the face of the warrant." Id.; see also [Doc. 1-1 at 5]. Therefore, "the dispossessory claim that forms the basis of this action is exclusively a matter of state law." Dhinoja, 705 F. Supp. 2d at 1381. Bozick, in his petition for removal, appears to allege that removal is proper on the basis of federal question jurisdiction.[2] [Doc. 1-1 at 1-2]. Specifically, Bozick alleges that Finvest violated "15 USC 1692, Rule 60 of the [F]ederal Rule of Civil Procedure: and having [sic] a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6." [Id. at 1].[3] Bozick also asserts that the dispossessory action is in violation of the United

---

[2] Bozick does not assert that the parties are diverse, see [Doc. 1-1 at 1-4; Doc. 1-2 at 1], nor is there evidence in the record on which to make such a finding, see 28 U.S.C. § 1332; Wilson, 2008 WL 544741, at *2 n.2. Furthermore, although Bozick has checked the box on his civil cover sheet for jurisdiction based on a "U.S. Government Plaintiff," see [Doc. 1-2 at 1], the United States government is not a party to this action.

[3] While Bozick alleges that Finvest violated "Rule 60 of the federal [sic] Rule of Civil Procedure: and having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6," [Doc. 1-1 at 1], Rule 60 is a rule of procedure and not substantive law. Indeed, Rule 60 provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Bozick, however, has not identified any error arising from any judgment. If Bozick is trying to assert a cause of action for a violation of Rule 60, it "would be inconsistent with the Rule's design and intended implementation." Suarez v. Town of Ogden Dunes, No. 2:05-CV-264 PS, 2006 WL 2982107, at *2 (N.D. Ind. Oct. 17, 2006). Moreover, O.C.G.A. § 51-1-6, a state statute, cannot form the basis of federal question jurisdiction.

States Constitution's protection of due process as granted by the Fourteenth Amendment. [Id. at 2].

Bozick cites 15 U.S.C. § 1692 et seq., which codifies the Fair Debt Collection Practices Act ("FDCPA"). However, the FDCPA only applies to "debt collectors" which are defined by the act as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . *another*." 15 U.S.C. § 1692a(6) (emphasis added); see also Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 716-17 (M.D. Fla. 1997). Finvest has brought a dispossessory action and is not alleged to have engaged in any debt collection activity governed by the FDCPA. See [Doc. 1-1].

Furthermore, the fact that Bozick may intend to present a federal claim as a defense or counterclaim cannot create an independent basis for federal subject matter jurisdiction. See Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393); Citibank, N.A., 2007 WL 3491744, at *4. Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dihonja, 705 F. Supp. 2d at 1381 (citation and internal marks omitted); see also Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Thus, Bozick's allegations are insufficient to establish that the Court has subject matter jurisdiction in this case. Diamond, 2006 WL 839405, at *2.

As "master of the claim," having filed a dispossessory warrant solely under state law, Finvest cannot be subjected to federal jurisdiction in this action. Caterpillar, 482 U.S. at 392; Wilson, 2008 WL 544741, at *1 (citations and internal marks omitted).  Accordingly, the Court does not have federal question jurisdiction over this action and is, therefore, without subject matter jurisdiction.  See HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand where no federal question is present on the face of plaintiff's complaint and the requirements for diversity jurisdiction are not satisfied in dispossessory action).  For these reasons, Bozick's request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 12th day of November, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE